Mr. Justice Miller
delivered the opinion of the court:
The appellant brought his suit in the Court of Claims on a contract, by which he had agreed to make and deliver, and the United States had agreed to receive and pay for, all the Lind-ner carbines, not exceeding six thousand, which the company could make in six months from the 15th day of April, 1863, to be approved and inspected by Major Hagner, and for each carbine so inspected and delivered the United States was to pay $20.
The company immediately entered upon the preparations necessary to the performance of the work; and it is found as a fact by the Court of Claims that the company had the neces *52 sary means and facilities, and could have delivered tlie six thousand carbines of the hind contracted for within the six months limited, in conformity with the agreement as first made, had not changes and alterations been desired and requested by the Government.
In regard to these changes, the court finds that General Iiip-ley, Chief of Ordnance, by letter of the date of April 23, requested certain alterations to be made in the construction of the carbine ; that these were made by the contractors as requested, and that these necessitated other changes to make the parts conform, and also alterations in the machinery, and new tools and fixtures to perform the work. Other changes were made in the construction of the weapon by the contractors on their own motion, which were important and judicious, and which materially improved it. They further say, that it is not agreed precisely how much time these changes required, but it is admitted that they necessarily required two or three months, a part of which resulted from the action of the Department, and that the contractors proceeded in good faith and without unnecessary delay.
It is further found that, on or about the 5th of April, 1864, the company exhibited one of the weapons for inspection, and notified the Department that they were then ready to commence delivery, and would deliver the entire six thousand as rapidly as the Government could inspect them, and asked that they be then inspected and received by the Department; which was not then and has not since been done. It is further found that inspection of contract arms was always had at the place of manufacture, and is made of the parts of the arm before they are put together. It is also found that the time consumed by the company in filling the contract beyond the time fixed by its terms, to wit, six months, was rendered necessary and indispensable by the changes, alterations, and delays, caused solely by and for the interest of the Government. It is further found that the Government was aware of the progress of the work, and gave no notice that they should refuse to accept it if not delivered within the six months. The arms were inspected by a competent person, and found to be according to contract, and were packed in cases and tendered to the Government, which refused to receive or pay for them.
We have been thus minute in the recital of the main points *53 in tlie findiDgs of the Court of Claims, because we think the statement of the case is the best argument in favor of claimant that can be made. We cannot believe there would be any hesitation in holding an individual liable who, after making such a contract, and requesting such alterations for his own benefit, and who, while aware of the increased time necessary, and that the other party was in good faith and with reasonable diligence performing the work, should say, I will not receive or pay for the work done, because it was not done within the time first stipulated.”
There is no reason why the parties should not modify the contract by a change in the character of the weapon and time of delivery; and if it was well known to both that the change in the weapon required a longer time, as the court finds it was, it must be implied that both parties consented to such an extension of time as was necessary or reasonable for the completion of the contract.
The reply to this is, that the United States did not contract for six thousand carbines, but only for so many as could be made and delivered within the six months, and that, notwithstanding the change ordered in their construction, as none were delivered within that time, they were not bound to take any afterward.
But this is a narrow and incomplete view of the contract. It leaves out the claimant’s rights in the matter. Claimant had a right under the original contract to deliver six thousand carbines within six months and have his pay, if he could make so many within that time. He could have made them all within that time, as found by the court, but for his consent to the request of the Government to change, for its benefit, the structure of the weapon. As before stated, this request implied such an extension of time as was known to be necessitated by that improvement, and the Government must be bound by this reasonable intendment as an individual would have been. As it is found substantially that claimant was ready and offered to deliver within a reasonable time, he is entitled to such damages as he sustained by the refusal of the Government to receive and pay for the arms.
What are those damages ? It is not found that the weapon had at any time a market value or current selling price. It is not found what they were worth or could have been sold for at the *54 time they were offered for delivery and refused. ' They were not then or at any time sold or offered for sale by claimant. The only criterion of damage furnished is the finding of the court, that the six thousand carbines are now (at the time of the judgment of the court) in the possession of the company, and of the value of $3 each.
As the case stands, we reverse the j udgment of the Court of Claims, and remand the case, with directions to render a judg-mentfor claimant for such damages as they may ascertain that the claimant has sustained by reason of the refusal of the United States to accept and pay for the six thousand carbines.